(3 Misc. Rep. 553.)

## RIORDAN v. FIRST PRESBYTERIAN CHURCH OF TREMONT.

(City Court of New York, General Term.   May 9, 1893.)

CONTRACT—ACTION BY THIRD PERSON.

A contract by a grantee of land to pay all charges for necessary attendance in case of the illness of the grantor inures to the benefit of the person rendering such services, and she may maintain an action against the grantee for their value, under the rule that an agreement made on a valid consideration by one with another to pay money to a third may be enforced by the third person in his own name.

Appeal from trial term.

Action by Sara Riordan against the First Presbyterian Church of Tremont for services rendered one Ann Wilson. From a judgment in plaintiff's favor, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

S. A. & D. J. Noyes, (Ernest Hall, of counsel,) for appellant.
Edgar J. Nathan, for respondent.

FITZSIMONS, J.   On February 21, 1887, the defendant made an agreement with one Ann Wilson, therein reciting the conveyance by her to it of certain real estate, and in consideration of such transfer, among other things, agreed "to pay and discharge any and all charges and expenses for necessary attendance in case of the illness of said Ann Wilson." At the time she was 87 years old, was sick, and continued to be so until the time of her death, August 11, 1891. During that time plaintiff attended her, and in this action seeks to recover the value of such services from defendant, by virtue of the agreement aforesaid. The jury rendered a verdict for the plaintiff for $810. It was a question of fact for the jury to decide whether or not Ann Wilson was ill from February 22, 1887, to August 11, 1891, and whether the services rendered by plaintiff were necessary, and the charges therefor reasonable. They decided that issue in plaintiff's favor, and there is abundant evidence to sustain that finding. The agreement mentioned inured to the benefit of plaintiff; in fact it was made for the express purpose (among other things) of protecting any person rendering Ann Wilson necessary attendance in case of her illness. It is not contended that defendant furnished or offered to furnish such attendance to her, and, upon its failure to do so, she had a right to engage any person for that purpose, and defendant became liable to such employe for the value of the services rendered, within the limitation above stated. It is the settled law of this state that an agreement made on a valid consideration by one with another to pay money to a third can be enforced by the third person in his own name. The fact that the liability assumed is not in existence at the time of the making of such agreement, or that the person to be benefited is not then known, or privy to the agreement, does not affect this rule. Coster v. Mayor, etc., 43 N. Y. 399. This case falls within that ruling,

so plaintiff had a right to commence and maintain the same. Finding no error, the judgment is affirmed, with costs to respondent. All concur.